In settling the decree of this court—
Senator Tracy proposed that the appellants should be ordered not only to pay the costs of the appeal, but also the further sum of one hundred dollars as damages, by way of mulct for the vexation caused the respondent by the prosecution of the appeal. He said he considered this a case requiring the exercise of this power of the court, as the appeal presented a mere question of fact, fully examined and discussed by the chancellor, and whose decision had been unanimously approved here.
Justice Nelson approved of the suggestion. He considered the awarding of damages, in cases of this kind, like the giving of double costs on writs of error. If the power of imposing damages is ever to be exercised, this case, he said, called for its exercise.
Senator Edwards was opposed to awarding damages in this case, unless the court should be disposed to adopt the rule of giving damages in all cases where the decision of the chancellor was unanimously affirmed. If that rule was not adopted, he was of opinion that damages should be imposed only where it was evident the appeal was vexatious.
Justice Sutherland.
It was the practice of this court until 1824, to award damages on the affirmance of a decree, in certain cases ; at that time the propriety of doing so was questioned, but the power was exercised. In view of the practice of this court, the law was enacted authorizing the court, in its discretion, to award damages for the delay and vexation caused by the appeal, 2 R. S. 618, § 35. Damages are awarded where it appears that there is no ground for the appeal, or where it is manifestly vexatious. Where the decision is on the merits, and the opinion of the court unanimous in favor of affirmance, or where there is no doubt as to *lhe law of the case, it has been the practice of this court to award damages.
Senator Gansevoort was opposed to establishing any general rule on this subject; the awarding of damages he considered a matter of discretion, to be governed by the circumstances of each particular case. He was disposed to award damages in this case.
The Chief Justice said he did not deny the power of the court to award damages in cases of delay and vexation; but he perceived no injury which the respondent in this case had sustained from delay, nor did he discover any evidence of vexation. Besides, what rule of damages can be adopted ? There is none ; and I confess I have always shrunk from the exercise of this power. The awarding of damages on appeals is not like giving double costs on writs of error; for if so, the legislature would have regulated it. If a respondent has sustained actual injury, as the loss of interest on money deposited in the progress of the suit, he should be allowed damages, but otherwise not.
On the question being put, Shall damages be awarded in this case ? the members of the court voted as follows :
In the affirmative—Mr. Justice Nelson, and Senators Armstrong, Crop-set, Deitz, Edmonds, Gansevoort, Gere, Macdonald, Stower, Tracy, Wbstcott—11 .*
In the negative.—The President, The Chief Justice, and Senators Conklin, Edwards, Griffin, Van Schaick.—6.
Whereupon the decree of the chancellor was affirmed, with costs, and $100 damages directed to be paid by the appellants.

Mr. Justice Sutherland not having heard the argument of the case on the merits, declined voting on the question of damages.